## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **FORFEITURE *IN REM*** |
| v. | ) | |
| | ) | Civil Action No.: 3:18cv485 |
| ONE 2008 BENTLEY CONTINENTAL | ) | |
| SEIZED FROM DAQUAN EUGENE | ) | |
| GILMORE, | ) | |
| Defendant. | ) | |

Now comes the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

### INTRODUCTION

1. This is a civil action *in rem* against One 2008 Bentley Continental (VIN No. SCBBR93W08C052020) seized from Daquan Eugene Gilmore which, upon information and belief, was used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. § 841, is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(4).

2. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621 and, to the extent applicable, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

4.  The defendant property has been seized on land, is now within, and during the pendency of this action will remain within the Western District of North Carolina.

5.  The Defendant is all present and future interest in the following property:

    a.  One 2008 Bentley Continental (VIN No. SCBBR93W08C052020) seized from Daquan Eugene Gilmore on March 29, 2018.

## FACTUAL BACKGROUND

1.  The Drug Enforcement Administration, in conjunction with the York County Multijurisdictional Drug Enforcement Unit began investigation Dequan Eugene Gilmore in August of 2017.

2.  On Tuesday August 22, 2017, at approximately 1:50 p.m., Investigator C. Rowe met with a Confidential Informant (C/I) at a predetermined meeting location.

3.  The C/I previously informed Investigator Rowe they could purchase 30 mg of "Roxy's", which the C/I stated meant Roxicodone, from a black male whom they only know as "Quan".

4.  The C/I stated "Quan" normally sells out his mother's house located at 911 Rolling Green Road, Rock Hill, York County, South Carolina but actually resides in Charlotte, North Carolina.

5.  Prior to meeting with Investigator Rowe, and at the direction of Investigator Rowe, the C/I arranged to purchase a quantity of Roxicodone pills from "Quan".

6.  Before meeting with Quan, while at the predetermined meeting location the C/I was searched by Investigator Rowe and nothing illegal was found.

7.  The C/I 's vehicle was also searched by Investigator Jenkins and nothing illegal was found

8.  While in the presence of Investigator Rowe, the CI placed a recorded call to "Quan" at (704)620-2531.

9.      Upon completion of the call the C/I was issued identifiable government funds to purchase the pills.

10.     The C/I was also fitted with an electronic listening device and given audio/video surveillance equipment, which would be used to monitor, control, and record the deal.

11.     The C/I proceeded to 911 Rolling Green Road Rock Hill, York County, South Carolina while being followed by investigators.

12.     Shortly after arrival, the C/I went into 911 Rolling Green Road and met with "Quan".

13.     While in the living room of the residence, the C/I exchanged the identifiable government funds for 50 dose units of oxycodone, weighing approximately 6.1 grams.

14.     The C/I left the residence and proceeded back to a predetermined location while being followed by investigators.

15.     Upon arrival at the predetermined meeting, location Investigator Rowe recovered the pills from the C/I.

16.     The pills were stamped on one side with an "M", and "30" on the reverse side.

17.     Investigator Rowe determined based on the pill stamp the pills were marked as 30 mg Oxycodone.

18.     Investigators Rowe and Jenkins searched the C/I's vehicle and nothing illegal was found.

19.     Investigator Rowe also searched the C/I and nothing illegal was found.

20.     Based on information provided by the C/I and information obtained during the controlled purchase Investigator Rowe was able to possible identify a suspect in the case, Daquan Eugene Gilmore.

21.     Investigator Rowe created a photographic line-up and the C/I did identify "Quan" as Dequan Eugene Gilmore.

22. The C/I was also interviewed and provided a signed statement about the deal.

23. The investigation continued and on Thursday March 1, 2018 DEA SA Pete Yates and the Rock Hill Police Department, along with Investigator Rowe arrange for an additional controlled buy with Gilmore.

24. At approximately 1:00 p.m., Investigator Rowe spoke with a Confidential Informant (C/I) by phone and instructed the C/I to arrange to purchase a quantity of oxycodone from Gilmore.

25. The C/I arranged the purchase of a quantity of oxycodone from Gilmore.

26. At 1:05 p.m., Investigator Rowe and SA Yates, of the DEA met with the confidential informant at the predetermined meeting location where the C/I attempted to contact Gilmore at his new phone number, (704) 645-1503.

27. At approximately 1:37 p.m., Gilmore contacted the C/I from (704) 645-1503.

28. Gilmore stated he was out of town and would be back later, and that he would call the C/I upon his return.

29. At approximately 4:15 p.m., the C/I contacted Investigator Rowe and stated Gilmore had returned to town.

30. Investigators Rowe and R. King met with C/I at a predetermined meeting location.

31. Once there, the C/I was searched by Investigator Rowe and nothing illegal was found.

32. Investigator Rowe also searched the C/l's vehicle and nothing illegal was found.

33. The C/I then followed investigators to another predetermined meeting location without making any stops.

34. Once there Investigator Rowe fitted the C/I with an electronic listening device, and audio/video surveillance equipment, which was used to monitor, control, and record the deal.

35. The C/I was also provide with identifiable government funds by SA Yates to purchase the pills.

36. The C/I proceeded to the deal location, the 1400 block of Samuel Street Charlotte, North Carolina and was followed by investigators.

37. Upon arrival, the C/I made contact with Gilmore who was driving a black Bentley, North Carolina license plate EKC9450.

38. A registration check was conducted which revealed the Bentley to be registered to Charlene Steele Hines at 9737 Dominion Crest Drive, Charlotte, NC, 27269.

39. The C/I walked over and Gilmore handed the C/I a bag containing 60 dose units of oxycodone, weighing approximately 8 grams.

40. Gilmore then walked away and appeared to complete a second drug deal with an unknown person.

41. Gilmore walked back over and the C/I gave Gilmore the identifiable government funds.

42. The C/I left the deal location and proceeded to a predetermined meeting location where Investigator Rowe recovered the pills from the C/I.

43. Investigator Rowe found the pills were stamped with three separate stamps all of which were stamped as an oxycodone derivative.

44. Investigator Rowe searched the C/1 and nothing illegal was found.

45. The C/I's vehicle was searched by Investigator Rowe and SA Yates and nothing illegal was found.

46. The C/I later provided Investigator Rowe with a signed statement about the deal.

47. Initial laboratory results from the controlled purchase show that the pills distributed were an analog of fentanyl.

48. Gilmore was arrested and placed into Mecklenburg County jail to be extradited to York County for indictment on state drug charges.

49. However, while being held at Mecklenburg County, Gilmore was erroneously released and law enforcement have been unable to locate him, placing him on fugitive status.

50. On March 29, 2018, agents with Charlotte District Office (CDO) Tactical Diversion Squad seized the 2008 Bentley Continental used to facilitate the controlled buys described above by Dequan Gilmore from the car lot located at 416 Tyvola Rd, Charlotte, NC.

51. On the same date, agents transported the vehicle to the CDO for safekeeping until it could be processed as evidence and transferred to the United States Marshal's Office.

52. On March 30, 2018, DEA Agents conducted a search of the Bentley and recovered documents detailing the purchase of the vehicle and subsequent payments towards the total bill.

53. The bill of sale indicated that the vehicle was purchased on November 20, 2017 from Team One Motor Cars, LLC in Marietta, GA.

54. The total sale price was listed as $62,633.50 and Gilmore paid $39,400 cash at time of purchase.

55. Other documents located revealed two more payments towards the total sale price of $10,000 and $5,000.

## PRAYER FOR RELIEF

56. By virtue of the foregoing, all right, title, and interest in the defendant property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

57. Upon information and belief, the following persons may have or claim an interest in the defendant property:

Charlene Steele Hines
5612 Londonberry Road
Charlotte, NC 28210

Daquan Gilmore
911 Rolling Green Road
Rock Hill, South Carolina 29730

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of defendant property as required by 28 U.S.C. § 1921.

Respectfully submitted, this the 4th Day of September, 2018.

          **R. ANDREW MURRAY**
          **UNITED STATES ATTORNEY**

          /s Tiffany Mallory Moore
          Assistant United States Attorney
          GASB #744522
          227 West Trade Street, Suite 1650
          Charlotte, North Carolina 28202
          Telephone: (704) 344-6222
          Email: tiffany.moore2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **FORFEITURE *IN REM*** |
| v. | ) | |
| | ) | Civil Action No.: |
| ONE 2008 BENTLEY CONTINENTAL | ) | |
| SEIZED FROM DAQUAN EUGENE | ) | |
| GILMORE, | ) | |
| Defendant. | ) | |

## VERIFICATION

Peter D. Yates deposes and says under penalty of perjury;

I am a Special Agent with the Drug Enforcement Administration and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
SA Peter D. Yates

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

I certify that Peter D. Yates personally appeared before me this day, acknowledging to me that he signed the foregoing document.

_____
Notary Public
My Commission Expires: 6/29/2019

This the 31st day of August, 2018.

[Notary Seal: HEIDI S CRATER, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]

1